UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF BOSTON UNIVERSITY, )<br>*Plaintiff,* )<br>vs. )<br>)<br>SHARP CORP., SHARP ELECTRONICS CORP., )<br>and SHARP ELECTRONICS )<br>MANUFACTURING CO. OF AMERICA, INC., )<br>*Defendants.* )<br>) | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trustees of Boston University, by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Sharp Corp., Sharp Electronics Corp., and Sharp Electronics Manufacturing Co. of America, Inc. ("Defendants") and alleges as follows:

## PARTIES

1.  Plaintiff Trustees of Boston University ("BU" or the "University") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

2.  The University is one of the largest private universities in the United States, and one of the largest employers in Boston, with more than 10,000 faculty and staff and over 33,000 students. It conducts a diverse range of interdisciplinary, collaborative and innovative research projects across a broad spectrum of academic departments, programs, centers and institutes, including research in the field of electrical and computer engineering. BU faculty members have won five Nobel Prizes and BU has been awarded hundreds of United States Patents, including U.S. Patent No. 5,686,738 (the "'738 patent").

3. Upon information and belief, Defendant Sharp Corp. is organized under the laws of Japan and its principal place of business is 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.

4. Upon information and belief, Defendant Sharp Electronics Corp. is organized under the laws of New Jersey and its principal place of business is Sharp Plaza, Mahwah, New Jersey 07495. Defendant's registered agent for service of process in the Commonwealth of Massachusetts is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5. Upon information and belief, Defendant Sharp Electronics Manufacturing Co. of America, Inc. is organized under the laws of New Jersey and its principal place of business is Sharp Plaza, Mahwah, New Jersey 07495.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

7. Defendants regularly and deliberately engaged in and continue to engage in activities that result in using, selling, offering for sale, and/or importing infringing products in and/or into the Commonwealth of Massachusetts and this judicial district. These activities violate the University's United States patent rights under the '738 patent pled herein. This Court has personal jurisdiction over the Defendants because, among other things, Defendants conduct business in the Commonwealth of Massachusetts and in this judicial district and thus enjoy the privileges and protections of Massachusetts law.

8. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,686,738

9. The '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," issued on November 11, 1997.

10. Theodore D. Moustakas, Ph.D., Professor of Electrical and Computer Engineering at BU, is the named inventor of the '738 patent. The University owns by assignment the entire right, title, and interest in and to the '738 patent, including the sole right to sue for past and present patent infringements thereof.

11. Several of Defendants' products, including the Aquos LC-60C6400U LED TV, serial number B206826914, include a gallium nitride thin film semiconductor device claimed by the '738 patent and thus infringe one or more claims of the '738 patent. The University is informed and believes, and further alleges, that additional products of Defendants also constitute and/or include the claimed gallium nitride thin film semiconductor device and also infringe one or more claims of the '738 patent, including light emitting diodes ("LEDs") and products bearing LEDs (products covered by this paragraph are collectively referred to as "Accused Products").

12. The University is informed and believes, and thereon alleges, that any applicable requirements of 35 U.S.C. § 287 have been satisfied.

13. The University is informed and believes, and thereon alleges, that Defendants have infringed, and continue to infringe, one or more claims of the '738 patent, in violation of 35 U.S.C. § 271, by, among other things, making using, offering to sell, selling and/or importing in and/or into the United States, without authority or license from the University, the Accused Products falling within the scope of one or more claims of the '738 patent.

14. Defendants' acts of infringement have caused and will continue to cause substantial and irreparable damage to the University.

15.     As a result of the infringement of the '738 patent by Defendants, the University has been damaged. The University is, therefore, entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

16.     TAKE NOTICE that the University reserves the right to further allege indirect infringement, contributory infringement, inducing infringement, and/or willful infringement, and amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## **PRAYER FOR RELIEF**

WHEREFORE, the University prays for entry of judgment against each Defendant as follows:

A.     That Defendants infringed the '738 patent under 35 U.S.C. § 271;

B.     That Defendants provide to the University an accounting of all gains, profits and advantages derived by each Defendants' infringement of the '738 patent, and that the University be awarded damages adequate to compensate them for the wrongful infringement by each Defendants, in accordance with 35 U.S.C. § 284;

C.     That the University be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285;

D.     That the Court permanently enjoin Defendants and all those in privity with them from making, having made, selling, offering for sale, distributing and/or using products that infringe the '738 patent, including the Accused Products, in the United States; and

E.     That the University be awarded such other and further relief as this Court may deem just and proper, including but not limited to equitable relief and all remedies available at law.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), the University hereby demands a trial by jury on all issues triable to a jury.

Dated:  September 20, 2013

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY

By its attorneys,

*/s/ Erik Paul Belt*
Erik Paul Belt (BBO # 558620)
EBelt@mccarter.com
Kelly A. Gabos (BBO #666219)
kgabos@mccarter.com
McCarter & English
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6506
Facsimile:  (617) 607-6035

*Of Counsel*

Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso Garcia Chan (Texas 24012408)
achan@shorechan.com
Christopher L. Evans (Texas 24058901)
cevans@shorechan.com
Andrew M. Howard (Texas 24059973)
ahoward@shorechan.com
Russell J. DePalma (Texas 00795318)
rdepalma@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111